```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
NADIA TARAZI, individually and       :  15 Civ. 1038 (LAK) (JCF)
derivatively as a member of          :
PAINTED WINGS MEDIA, LLC,            :        MEMORANDUM
                                     :        AND  ORDER
            Plaintiff,               :
                                     :
    - against -                      :
                                     :
QUINTESSENTIAL BIOSCIENCES, LLC,     :
d/b/a Q SCIENCES,                    :
                                     :
            Defendant,               :
                                     :
and                                  :
                                     :
PAINTED WINGS MEDIA, LLC,            :
                                     :
            Nominal Defendant.       :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

This case is one among several related to the falling out of three business associates, Nadia Tarazi, Autumn Stringam, and Ms. Stringam's husband, Dana Stringam, and their companies, Micronutrient Solutions, Inc. ("MSI"), Open Mind Consulting, Inc. ("Open Mind"), and Painted Wings, LLC ("Painted Wings"). The first of these lawsuits, Tarazi v. Truehope, Inc., 13 Civ. 1024, was filed in February 2013 by Ms. Tarazi and MSI against Quintessential Biosciences, LLC ("Q Sciences"), among other defendants.[1] Shortly after filing the second amended complaint in Tarazi v. Truehope, Ms. Tarazi filed this lawsuit individually and derivatively as a member of Painted Wings.  Q Sciences was duly served with the

---

[1] The Honorable Lewis A. Kaplan has deemed Tarazi v. Truehope related to the instant action. (Order dated March 6, 2015).

1

Summons and Complaint on March 6, 2015, but failed to timely answer, and the Clerk of Court accordingly entered a certificate of default against it on April 17, 2015. Thereafter, the plaintiffs moved for default judgment and the defendant moved to vacate the entry of default.

Background[2]

Ms. Tarazi developed a business relationship with the Stringams after reading Ms. Stringam's book, A Promise of Hope, which details her "successful management of her symptoms [of bipolar disorder]" through the use of a "Micronutrient Product" that was "known to treat conditions afflicting certain swine animals." (Complaint ("Compl."), ¶¶ 8-11). Ms. Tarazi offered to help Ms. Stringam "promote her book and life story across multiple media channels" so that they could "tell, and profit from, [Ms. Stringam]'s story." (Compl., ¶ 9). In April 2012, they formed Painted Wings with the primary purpose of using Ms. Stringam's personal story to promote micronutrients. (Compl., ¶¶ 1, 9, 12-15). Around the same time, Ms. Tarazi and the Stringams formed a joint venture with the goal of "not only telling [Ms. Stringam's] story . . . , but also selling a private label of the Micronutrient Product and other related products." (Compl., ¶ 16). Ms. Tarazi and the Stringams entered into a number of oral and written agreements related to the joint venture, many of which are at issue in Tarazi v. Truehope, Inc. (Compl., ¶ 16). Subsequently, the

---

[2] For the purposes of this motion, the facts alleged in the operative complaint are assumed to be true.

plaintiffs allege, the Stringams abandoned the joint venture, breaching several contractual and fiduciary duties, and began supporting Q Sciences' efforts to market the Micronutrient Product instead. (Compl., ¶¶ 35-62).

In Tarazi v. Truehope, Ms. Tarazi and MSI assert four claims against Q Sciences. They allege that Q Sciences aided and abetted the Stringams' breach of their fiduciary duty, which arose out of the joint venture (Second Amended Complaint ("Truehope SAC"), ¶¶ 112-117, Tarazi v. Truehope, No. 13 Civ. 1024 (S.D.N.Y.)); that it tortiously interfered with three contracts -- the joint venture agreement, a memorandum of understanding related to the joint venture, and an agreement in which Ms. Stringam promised to endorse MSI products (Truehope SAC, ¶¶ 123-127); that it unjustly enriched itself by misappropriating marketing materials created by Ms. Tarazi and MSI (Truehope SAC, ¶¶ 143-147); and that it engaged in unfair and deceptive business practices by accepting Ms. Stringam's endorsement (Truehope SAC, ¶¶ 153-161).[3]

Similar claims premised on a different set of alleged duties are asserted against Q Sciences here. The plaintiff alleges that Q Sciences aided and abetted Ms. Stringam in breaching the fiduciary duties she owed to Painted Wings (Compl., ¶¶ 67-75) and Ms. Tarazi as a member of Painted Wings (Compl., ¶¶ 85-88). She

---

[3] Q Sciences moved to dismiss each of these claims. In a report and recommendation also issued today, I recommend that the the tortious interference with contract claim and the deceptive business practice claim be dismissed, but that Q Science's motion be denied with respect to the aiding and abetting a breach of fiduciary duty claim and the unjust enrichment claim. (Report and Recommendation dated July 1, 2015, at 43-44).

3

also asserts that Q Sciences tortiously interfered with Ms. Stringam's obligations under the Transmedia Assignment Agreement, a contract which assigned the exclusive rights to Ms. Stringam's life story to Painted Wings.  (Compl., ¶¶ 19, 76-84).

Discussion

    A.    Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  While the entry of default is not discretionary, after such default is entered, "[t]he court may set [it] aside . . . for good cause." Fed. R. Civ. P. 55(c); accord Bricklayers and Allied Craftworkers Local 2, Albany Pension Fund v. Moulton Masonry & Construction, LLC, 779 F.3d 182, 186 (2d Cir. 2015).  Alternatively, upon application by the non-defaulting party, the court may enter a default judgment.  Fed. R. Civ. P. 55(b).  Whether to grant a default judgment is a decision left to the sound discretion of the district court.  Shah v. New York State Department of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

"It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001).  A defaulting party is entitled to have doubts as to whether default should be granted resolved in its favor.  Enron

Oil, 10 F.3d at 96.  Because default is an extreme remedy and because "Rule 55(c) does not define the term 'good cause,' [the Second Circuit] ha[s] established three criteria that must be assessed in order to decide whether to relieve a party from default."  Bricklayers, 779 F.3d at 186 (alterations in original) (quoting Enron Oil, 10 F.3d at 96); accord United States v. DiPaolo, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006).  Those criteria are "(1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  DiPaolo, 466 F. Supp. 2d at 482 (quoting Trustees of the CWA Local 14156-Printers, Publishers & Media Workers Benefit Fund v. Rumar Typesetting and Design, No. 05 Civ. 1455, 2006 WL 1227183, at *2 (S.D.N.Y. May 5, 2006)).

    B.   Meritorious Defense

It is not possible to determine whether a default judgment is appropriate here without further briefing regarding whether Q Sciences has a meritorious defense to the plaintiff's claims.

In order to establish a meritorious defense that warrants vacating a default, a defendant need not prove the defense conclusively.  See Securities and Exchange Commission v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998); Gonzalez v. City of New York, 104 F. Supp. 2d 193, 197 (S.D.N.Y. 2000).  Rather, the defendant need only present some evidence of facts that, "if proven at trial, would constitute a complete defense."  Enron Oil, 10 F.3d at 98.

5

A defaulting defendant must "present more than conclusory denials when attempting to show the existence of a meritorious defense." Pecarsky, 249 F.3d at 173; accord Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 320-21 (2d Cir. 1986). Such a defendant must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." FedEx TechConnect, Inc. v. OTI, Inc., No. 12 Civ. 1674, 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (quoting Salomon v. 1498 Third Realty Corp., 148 F.R.D. 127, 130 (S.D.N.Y. 1993)).

Q Sciences does not identify any merit-based defenses related to the allegations set forth in the complaint. Rather, it argues that the case should be stayed or dismissed pursuant to the first-filed doctrine, because it is duplicative of the Tarazi v. Truehope action. (Memorandum of Law of Defendant Quintessential Biosciences, LLC dba Q Sciences in Support of its Motion to Vacate Default Entered by Clerk of the Court and in Opposition to Plaintiff's Motion for Entry of Default Judgment at 15).

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). There is no "rigid test" for such action; courts are instead required to "consider the equities of the situation" and exercise discretion. Id. "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects

of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Id. "[S]imple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Id. at 138-39. However, "[a] duplicative suit does not [] necessarily require dismissal of the later-filed action; such situations 'do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion.'" Fido's Fences, Inc. v. Radio Systems Corp., 999 F. Supp. 2d 442 (E.D.N.Y. 2014) (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000)). For example, where the claims asserted in the second claim merely "overlap with," but do not duplicate, the claims in the first-filed case, courts may choose simply to stay or consolidate the later-filed case. See, e.g., Coon v. Shea, 2:14 CV 85, 2014 WL 5847720, at *6 (D. Vt. Sept. 5, 2014), report and recommendation adopted in relevant part, 2014 WL 5849053 (D. Vt. Nov. 12, 2014).

A defaulting defendant may establish a meritorious defense by showing that the first-filed doctrine will require dismissal of the later-filed case. See LaBarbera v. MMK Trucking, Inc., 06 CV 6643, 2008 WL 508630, at *2 (E.D.N.Y. Feb. 25, 2008) (finding meritorious defense where plaintiff asserted claim under same ERISA provision regarding overlapping time period in both cases). However, an

argument that a later-filed case will merely be stayed or consolidated under the first-filed doctrine cannot establish a "complete defense." See GuideOne Mutual Insurance Co. v. Iglesia Bautista Resurreccion, 11-20497-CIV, 2011 WL 3584212, at *4 (S.D. Fla. Aug. 12, 2011) (finding no meritorious defense where first-filed doctrine would result only in stay).

Q Sciences argues that the first-filed doctrine applies, but does not explain why dismissal, rather than a stay or consolidation, is the appropriate outcome. Because the claims in this suit are premised on different duties than the claims against Q Sciences in Tarazi v. Truehope, dismissal is not an obvious choice. See Coon, 2014 WL 5847720, at *6. In order to establish a meritorious defense, Q Sciences must either explain why dismissal would be more appropriate than the other possible outcomes under the first-filed doctrine or present facts that, if proven at trial, would constitute a complete merit-based defense to the three claims against it.

Conclusion

Q Sciences is directed to submit a reply memorandum limited to the question of whether it has a meritorious defense within seven days of the date of this order. The plaintiff may file a sur-reply within seven days of the date Q Sciences' reply is filed.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           July 1, 2015


Copies mailed this date:

James D. Bailey, Esq.
Bailey Duquette P.C.
100 Broadway, 10th Floor
New York, NY 10005

Alon Markowitz, Esq.
Markowitz Law Group, P.C.
10 E. 40th St., 33rd Floor
New York, NY 10016